UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PETER MAYSLAK,**

    **Plaintiff,**                 **CIVIL ACTION NO. 14-cv-11882**

    **v.**                          **DISTRICT JUDGE MARIANNE O. BATTANI**

**MARY ALEXIS JENSEN, et al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court on four motions: (1) Plaintiff Peter Mayslak's Motion for Leave to Amend Complaint at Law (docket no. 13); (2) Defendant Richard Magnone's Motion to Dismiss (docket no. 23); (3) Defendants Mary Alexis Jensen and Michael Jensen's Motion to Dismiss (docket no. 24); and (4) Plaintiff's Motion for Appointment of Counsel (docket no. 28). Plaintiff responded to the Jensen defendants' Motion (docket no. 29), and the Jensen defendants replied to Plaintiff's Response (docket no. 30). This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 17.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.**     **RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motions to Dismiss (docket nos. 23 and 24) be **GRANTED,** Plaintiff's Motion for Leave to Amend (docket no. 13) and Motion for Appointment of Counsel (docket no. 28) be **DENIED** as moot, and this matter be dismissed in its entirety.

II.   **REPORT**

   A.   **Facts and Procedural History**

Plaintiff initiated this action *pro se* on May 5, 2014, while incarcerated at the Milan Federal Correctional Institution (FCI Milan) located in Milan, Michigan. (Docket no. 1.) Plaintiff is currently incarcerated at the Morgantown Federal Correctional Institution (FCI Morgantown) located in Morgantown, West Virginia. (Docket no. 31.) In his Amended Complaint, filed on November 14, 2014, Plaintiff sets forth state law claims of common law fraud, unjust enrichment, and intentional interference with contractual relations against Defendants arising from the sale of his deceased mother's house located in Chicago, Illinois. (Docket no. 10.) Plaintiff alleges that he and his mother had an agreement that he would inherit her house upon her death, and Defendant Mary Alexis Jensen usurped his inheritance by selling the house and retaining the proceeds from the sale. Allegedly, Defendant Michael Jensen, Ms. Jensen's husband, was complicit with and received a financial benefit from his wife's unlawful conduct. Defendant Magnone was Defendant Mary Alexis Jensen's attorney, who allegedly advised her on all aspects of Plaintiff's mother's estate.[1]

   B.   **Governing Law**

Collectively, Defendants move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. (Docket nos. 23 and 24.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the factual basis for

---

[1] Defendant Magnone filed an affidavit with his Motion to Dismiss, in which he asserts that he only represented Defendant Mary Alexis Jensen in eviction proceedings related to the subject property. (Docket no. 23 at 7-8.) Defendant Magnone further asserts that he did not represent anyone in the apparent sale of the property. (*Id*. at 8.)

jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) asserts a lack of personal jurisdiction over the person. The burden of establishing jurisdiction rests with the plaintiff. *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citations omitted). In the absence of an evidentiary hearing to resolve factual disputes, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Id*. But in the face of a properly supported motion to dismiss, the plaintiff must support his pleadings with an affidavit or other evidence that sets forth specific facts demonstrating that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) challenges venue. The plaintiff bears the burden of proving that venue is proper. On a motion to dismiss for improper venue, "[t]he court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). "If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court" pursuant to 28 U.S.C. § 1406(a); see also § 1404(a). *Id.*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short

3

and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C.     Analysis**

*1.     Defendants' Motions to Dismiss [23] [24]*

a.     <u>Subject Matter Jurisdiction</u>

There are two types of subject matter jurisdiction bestowed upon the federal district courts: federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction exists when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists in civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that this Court has jurisdiction of this matter under 28 U.S.C. § 1331. (Docket no. 10.) Plaintiff also alleges that jurisdiction is proper because the amount in controversy exceeds $75,000.00. Plaintiff, however, does not allege a violation of federal law in his Amended Complaint. Hence, in construing Plaintiff's *pro se* Amended Complaint liberally, the Court will assume that Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332.

"[D]iversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 664 (6th

4

Cir. 2004). For purposes of diversity jurisdiction, citizenship is synonymous "not with 'residence' but with 'domicile.'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (citations omitted). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins,* 477 F.2d 1116, 1120 (6th Cir. 1973) (citations omitted). "Although there is a rebuttable presumption that a prisoner retains his former domicile after incarceration . . . , a prisoner is not 'precluded from showing that he has developed the intention to be domiciled at the place to which he has been forced to remove.'" *Burston v. Garden City Hosp.*, No. 11-13538, 2011 WL 7054450, at *2 (E.D. Mich. Dec. 28, 2011) (citing *Johnson v. Corr. Corp. of America,* 26 F. App'x 386, 388 (6th Cir. 2001); quoting *Stifel,* 477 F.2d at 1124).

In his Amended Complaint, Plaintiff alleges that he "is and has been for a period in excess of twelve (12) months a resident of the state of Michigan, residing at FCI Milan Federal Correctional Institution, 4004 E. Arkona Rd., Milan, MI 48160." (Docket no. 10 at 1.) Plaintiff further alleges that the Jensen defendants reside in Wisconsin and that Defendant Magnone's principal place of business is in Illinois. (*Id*. at 1-2.) Although Plaintiff does not set forth any facts regarding his domicile prior to incarceration, the Jensen defendants allege that Plaintiff was previously domiciled in Illinois and remains domiciled there despite his incarceration in Michigan. (Docket no. 30 at 2.) Indeed, Plaintiff's allegation that he is a Michigan resident by virtue of being incarcerated at FCI Milan does not set forth a domiciliary intent sufficient to rebut the presumption that he retains his pre-incarceration domicile. *See Burston*, 2011 WL 7054450, at *2. Specifically, he does not express an intention to remain in Michigan indefinitely or the absence of an intention to make his home elsewhere. Plaintiff fails to cure this defect in

5

his Response to Defendants' Motion to Dismiss despite Defendant Magnone's arguments on the subject. Plaintiff has not carried his burden to establish that this Court has subject matter jurisdiction through diversity of citizenship; accordingly, Plaintiff's Amended Complaint should be dismissed.

Even if this Court were to give Plaintiff further opportunity to properly plead domicile for purposes of establishing subject matter jurisdiction, such an effort would be futile, because the Court lacks personal jurisdiction over Defendants, and venue in this district is improper, as further discussed below.

b. Personal Jurisdiction

In cases where the plaintiff asserts jurisdiction based on diversity of citizenship, federal courts apply the law of the state in which the court is located to determine whether personal jurisdiction exists. *Nationwide Mut. Ins. Co. v. Tryg Intl. Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996) (citing *LAK, Inc., v. Deer Creek Enterprises,* 885 F.2d 1293, 1298 (6th Cir. 1989) (citing *Southern Mach. Co. v. Mohasco Indus.,* 401 F.2d 374, 376, n.2 (6th Cir. 1968))). Michigan law provides that a court has general personal jurisdiction over an individual if he is present in the state or domiciled in the state at the time when process is served or if he consents to personal jurisdiction. Mich. Comp. Laws § 600.701. Plaintiff has not alleged that any of these circumstances exist with regard to Defendants in this matter; indisputably, they do not. Thus, the Court does not have general jurisdiction over Defendants, and a limited personal jurisdiction inquiry is in order.

"'A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements.'" *Williams v. Langdon*, No. 08-10408, 2008 WL 2705509, at *3 (E.D. Mich. July 10, 2008)

6

(quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 615 (6th Cir. 2005)). "The court's exercise of jurisdiction comports with due process 'when the defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended.'" *Id.* Under Michigan's long-arm statute, a court can exercise limited personal jurisdiction over an individual where any of the following relationships between the individual and the forum state exist:

> (1) The transaction of any business within the state.
> (2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Mich. Comp. Laws § 600.705. Constitutional due process requirements are met, and a court may exercise limited personal jurisdiction if (1) the defendant has purposefully availed himself of the privilege of acting or causing a consequence in the forum state; (2) the cause of action arose from the defendant's activities in the forum state; or (3) the defendant's actions or consequences caused by the defendant had a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Mach. Co.,* 401 F.2d at 381. "'[W]hen a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction . . . violates constitutional due process.'" *Intera*, 428 F.3d at 616 (quoting *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.,* 138 F.3d 624, 627 (6th Cir. 1998)). Such is the case with

Michigan's long-arm statute. *Chandler v. Barclays Bank PLC,* 898 F.2d 1148, 1150-51 (6th Cir. 1990).

Plaintiff argues that limited personal jurisdiction exists under the second prong of Michigan's long-arm statute because Defendants' fraudulent conduct caused damaging consequences to Plaintiff in Michigan. (Docket no. 29 at 2.) Even if this were true, exercising personal jurisdiction over Defendants in these circumstances is not consistent with due process. *See Williams*, 2008 WL 2705509, at \*6. The present action arises from Defendants' allegedly improper conduct surrounding the sale of Plaintiff's mother's home in Chicago, Illinois. Their actions were not purposefully directed at Michigan, and the alleged consequence of their actions, Plaintiff's purported financial loss, is inadequate to establish that Defendants had sufficient minimum contacts with Michigan. It would be unreasonable for this Court to exercise personal jurisdiction over Defendants solely because Plaintiff happened to be incarcerated in Michigan at the time his mother's Illinois residence was sold. Therefore, Plaintiff's Amended Complaint against Defendants should be dismissed for want of personal jurisdiction.

    c.    <u>Venue</u>

In diversity cases, the propriety of venue in the federal courts is a matter of federal law. *Alexander-Schauss v. Lew*, 351 F. Supp. 2d 635, 640 (E.D. Mich. 2004) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183 n.15 (1979)). Generally, venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, Defendants are not residents of Michigan, a substantial part of the events giving rise to Plaintiff's claims occurred in Illinois, and, as discussed above, this Court does not have personal jurisdiction over Defendants. Accordingly, venue is improper in the Eastern District of Michigan.

At this juncture, the Court must determine whether to dismiss Plaintiff's Amended Complaint or transfer this case to the appropriate venue in the interest of justice. 28 U.S.C. §§ 1406(a), 1404(a), 1631. This decision rests within the court's discretion. *Roberts v. Paulin*, No. 07-CV-13207, 2007 WL 3203969, at *7 (E.D. Mich. Oct. 31, 2007) (citing *Audi AG*, 204 F. Supp. 2d at 1017). Generally, a transfer is favored because it facilitates the adjudication of a dispute on the merits. *Roberts*, 2007 WL 3203969, at *7 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)). Both Plaintiff and the Jensen defendants suggest the transfer of this matter to the United States District Court for the Northern District of Illinois as alternative to dismissal. (Docket nos. 24 and 29.) Nevertheless, as discussed above, Plaintiff has insufficiently pled his place of domicile for purposes of subject matter jurisdiction based on diversity of citizenship. Thus, while venue may be proper and personal jurisdiction over Defendants may exist in the Northern District of Illinois, it is unclear whether that court, or any other federal district court, would have subject matter jurisdiction over Plaintiff's claims. Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1-3).[2]

### 2. *Plaintiff's Motions [13] [28]*

On December 24, 2014, Plaintiff filed a Motion for Leave to Amend Complaint at Law. (Docket no. 13.) In his Motion, Plaintiff seeks to add factual allegations regarding a December

---

[2] Because it is recommended that Plaintiff's Amended Complaint be dismissed for a lack of subject matter jurisdiction, a lack of personal jurisdiction, and improper venue, the Court need not reach the merits of Plaintiff's claims.

9

2014 temporary restraining order allegedly filed by Defendant Mary Alexis Jensen against Plaintiff and entered in the Marathon County Circuit Court in Wausau, Wisconsin. (*Id*.) Plaintiff also filed a Motion for Appointment of Counsel on April 13, 2015. (Docket no. 28.) Even if the Court were to grant both of these motions, the Court's lack of jurisdiction and improper venue would not be cured. Accordingly, Plaintiff's motions should be denied as moot.

### D. Conclusion

For the reasons stated above, the Court should **GRANT** Defendants' Motions to Dismiss (docket nos. 23 and 24), **DENY** Plaintiff's Motion for Leave to Amend Complaint (docket no. 13) and Motion for Appointment of Counsel (docket no. 28) as moot, and dismiss this matter in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 12, 2015          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Peter Mayslak and counsel of record on this date.

Dated: August 12, 2015          s/ Lisa C. Bartlett
                                Case Manager

11